Thank you, your honor. Good morning and may it please the court. North Carolina second degree kidnapping is not a crime of violence under section 2L1.2 of the federal sentencing guidelines because it covers conduct more broadly than the generic definition of kidnapping. I have two specific proposed definitions of generic kidnapping for the court to consider. Both definitions lack the element of substantial interference, I'm sorry, both definitions have the element of substantial interference with the victim's liberty. The North Carolina statute lacks this element and accordingly is not a crime of violence under either definition. I think that the best definition is the one that the Fifth Circuit has used in so many four primary elements of generic kidnapping. In subsequent cases such as Inigua's Barba, the Fifth Circuit has found that any statute that has the first three of the four Gonzalez-Ramirez elements is a crime of violence and we would agree. However, as I've said, the North Carolina statute lacks the second Gonzalez-Ramirez element which is substantial interference with the victim's liberty. So under the entirely workable test that has been put in practice by the Fifth Circuit for many years, the North Carolina conviction at issue in this case is not a crime of violence. So you don't like the model penal code? Your Honor, my alternative definition is the model penal code definition and I would say that if you look at the model penal code section 212.1 itself, it too includes a substantiality requirement in addition to these lists of so-called nefarious or specified purposes. And as I'm sure Your Honors have noticed, in practice in the 52 jurisdictions these lists change. But even assuming that all the purposes and lists of purposes are interchangeable, the model penal code... But it can't include any of the following purposes? Yes, Your Honor. The sentence before the clause before that is, well I'll start at the beginning. A person is guilty of kidnapping if he unlawfully removes another from his place of residence or business or a substantial distance from the vicinity to where he's found or confines another for a substantial period. Or? Or if he unlawfully confines another... And then comma, with any of the following purposes. With any of the following purposes. Yes. So in addition to the purpose, you need one of the three substantiality requirements that precede them under the model penal code definition. So substantiality is a requirement under the model penal code in addition to one of the specified purposes. And so we would argue that if this Court would like to adopt the model penal code... Yes. Or either of the two phrases before that. I think those are three alternative substantiality requirements and then one of the specified purposes. And substantiality in the alternative? If he unlawfully removes another from his place of residence or business? I think that is a substantiality requirement, Your Honor, because if you read Lefebvre, for example, he submits that that is, you're assumed to be safe at your place of home or distance from some other non-home or business place. And so under the MPC entire definition, you have those three, what I would call substantiality alternatives, any of those three. And then you also need a specified purpose. If you look at the Fifth Circuit's case law, every single statute that the Fifth Circuit has held to be a crime of violence has a version of a substantial interference element in the statute. And if you look at the four states that courts of appeals have held to not be crimes of violence, and that's California Section 207, Colorado, Oklahoma, and Virginia, the first three are Fifth Circuit cases. The last is the D.C. Circuit case to Jesus Ventura. None of those statutes have a substantial interference requirement and none of them are crimes of violence. And again, with all of the Fifth Circuit cases... The crime of violence in this particular context, which is the 2L1.2 enhancement, is broader, isn't it, in the career offender provisions and the ACCA? I mean, we're dealing with a different scheme. You're right, Your Honor. So I wouldn't know, I don't know that I would say it's broader. It's definitely different. There's a longer list of enumerated crimes, so kidnapping is one of the enumerated crimes under 2L1.2 and not under career offender or ACCA. Doesn't that make a significant difference because the ACCA and the career offender statutes, when they're defining crime of violence, and they will define it as substantial drug offense or they will define it as something that involves... They'll list maybe three offenses, burglary or something, or something that involves a use of force or a substantial risk of force. But here, the guidelines list these different offenses and kidnapping is one of them. And if it is titled kidnapping and the guidelines list kidnapping as one of the covered crimes, that would at least put into play a presumption that it's a crime of violence. I disagree, Your Honor. Well, but you... Under Taylor, please... I disagree, but you're telling me that the word, that the list of kidnapping as a crime and the way in which North Carolina designates the statute has no meaning? You're correct, Your Honor. Under Supreme Court and this court's precedent, the state label does not control the analysis under Taylor and even Rangel Castaneda, which Your Honor wrote. I mean, the statutory rape case that you decided last year, that was called statutory rape, but wasn't statutory rape for purposes of an enumerated list of crimes. And to answer your previous question, the reason I don't think 2L1.2 is broader is because it lacks a residual or otherwise clause. So the list of enumerated crimes is longer than career offender or ACCA, but it has a force clause, but not an otherwise clause. Is it meaningless that kidnapping is one of the enumerated offenses? I mean, there must be some weight attached to the fact that the North Carolina legislature decided to label this crime kidnapping. Under the Supreme Court case law, Your Honor, including Taylor and its entire progeny, the state label does not control the analysis. You have to define the generic definition. I'm not saying it controls it. It's one of the factors. So what... Yes, ma'am. I'm sorry. So having... If you're doing a 52-state survey, including the federal government and D.C., I have identified 22 or arguably 23 state statutes that while they have something like a model... a substantiality or substantial interference element. I can read you the list of states. I can also... I'm happy to provide the court with a list of actual statutes if you'd like. Well, the District of Columbia did that, as I understand it, and culled a definition, and that seems to suggest that... Let me look down here somewhere. That the... It requires one of two things. It requires some sort of restraint, either for a specific purpose or some aggravating factor, or heightened intent, beyond the intent to confine the victim against his or her will. Are you comfortable with that as a generic definition, or do you think that that is also narrower than the North Carolina statute? I actually think that the De Jesus Ventura definition that Your Honor has read is too vague. So I'm comfortable with saying an aggravator or a heightened intent, but my argument is that you have to define what that is. And my argument is that the substantial interference element is the heightened intent. It is the aggravator that would bring a statute within. To the extent that De Jesus Ventura... I will disclose I was a law clerk during that case, but I was not the law clerk who worked on it. De Jesus Ventura suggests that a specified purpose model would suffice, but that's dicta, because the Virginia statute at issue in De Jesus Ventura does not have a specified purpose structure. Could you tell me, please, how... In what context do you use the term substantiality? Is it the substantiality of the detention? Is it the substantiality of distance? How are you using what you describe as substantiality? So I think, Your Honor, it could be either of those, and either of those would suffice. I think in most of the definitions I have seen... So again, there are these 22, maybe 23 states that have a substantiality requirement either in their definition of kidnapping or in their definition section in the kidnapping chapter. And again, I'd be happy to provide a list of citations. Usually they say, Judge Duncan, it's either a substantial period of time or a substantial distance moved. And again, the model penal code itself has those two alternatives or removing you from your home or business, which I've seen in several state statutes as well. I think like the model penal code... You might want to stop and answer... Of course. We've never required... And the Supreme Court has never required an exact and precise match. Between the state statute and the model penal code definition, or the state statute and the generic definition. Probably the model penal code is a place that people go for the generic definition. But there's never been any requirement that we have to take leave of practicality or that we require an exact match between the model penal code and the North Carolina or whatever state statute there is. That's not required. I agree, Your Honor. And in fact, the cases say that you have to respect the differences that the states choose to have in their statutes. But what the case law does say is that when a state's definition is broader than the generic definition, it's not a crime of violence. And that's exactly the case here. Well, I'm not sure that it is broader because that's the whole point. When you look at these... North Carolina, it requires that it be an unlawful confinement and restraint. It requires that it be without the consent of the person. And it requires that with these different four purposes, that you hold somebody for a ransom or that you facilitate the commission of a felony by the holding of the person or doing serious bodily harm or terrorizing the person so confined. Those are likely to be exactly what the model penal code is talking about. It's hard for me to imagine somebody being held for one of these purposes who's not held for a substantial period of time or moved a substantial distance. I mean... So, Your Honor, you have to listen to the state court. Excuse me. There has to be... As a practical matter, it's not going to be an exact match. There has to be a likelihood and it doesn't require... We're talking about a categorical approach. We're not talking about a modified categorical approach here. And the categorical approach doesn't require that every single crime be a crime of violence. What it says is that most of it... The heartland of the crime or most of the crimes... Your Honor, that is not what the categorical approach says. Every single crime... That is what the Supreme Court decisions say. Every single way that the statute can be violated must be within the generic definition for a crime to be a crime of violence under the categorical approach. And you have to, as Judge King wrote in Hemingway very recently, the state court definition of a crime is binding on the federal... Of course, it's binding on the federal court. And under Surratt and Fulcher and Boyce, 361-651 Southeast 879, there is no substantiality requirement of any kind for North Carolina kidnapping. That's right. But the question is, you hold a person for ransom. I'm willing to take the whole thing on your terms. And if it's violated for any one of these disjunctive reasons, how can you hold a person for ransom without it being for a substantial period? Or doing serious bodily harm or terrorizing the person so confined, you're likely to have a substantial period there. And facilitating the commission or facilitating flight, you're likely to have a substantial distance or a substantial period of both. So it seems to me that Your Honor is reading a substantiality requirement into the North Carolina statute that the North Carolina Supreme Court has repeatedly rejected for 30 years. There is no substantiality requirement. Yes, ma'am. The problem, I keep reading the model penal code and a person is guilty of kidnapping if he unlawfully removes another from his place of residence or business. There's no substantiality requirement in that. As I said, Your Honor, according to Lefebvre, that is a version of a substantiality requirement. So we're already in several steps. It's not the language of the model penal code. It's as you interpret it through several iterations. Well, Lefebvre is one of the sources that all of the cases say that one should cite when looking for a generic definition. I'm working with what I have, Your Honor. As I've said, I've read every kidnapping statute in the country. I've read Lefebvre. I've read all of this court's decisions. I think I've read every kidnapping decision from any court of appeals in the country. I'm doing the best I can. And so, according to Lefebvre, which I read on Sunday, again, that first home or residence or business requirement is a version of the substantiality requirement because it's the equivalent of moving you a substantial distance, Lefebvre says, if you've been taken from a place of safety. I'm just quoting Lefebvre. The next clause uses substantial. Yes, and I would argue— A substantial distance from the vicinity where he is found. Yes, sir. So, I think that those three clauses are alternatives that are all a substantiality requirement, all of which North Carolina lacks. I think it would be a much harder case if North Carolina had one of the three and not the other two. But North Carolina, as I've said, both in the text of the statute and in its Supreme Court decisions, requires none of the substantiality whatsoever. And as I've said, there are 22 states that have MPC-specified purposes that do explicitly require substantiality in the text of their statutes. So, the North Carolina statute is not in the majority of statutes in the country that use the MPC-purposes model. There are, by my count, including North Carolina, 15 states that have purposes and no substantiality requirement, while, again, there are 22— I think your time has—I think Judge Wilkinson is— Oh, is it coming up? I'm sorry, Your Honor, I didn't notice. I apologize. Thank you, Your Honor. May it please the Court. My name is Elizabeth Huston. I represent the United States. And we obviously know what we're dealing with here is a variety of state statutes that go wildly from one end to the other, defining kidnapping along with the model penal code and whatever else we can find to try to piece together a generic definition of kidnapping. You made the point, I think, that this North Carolina statute is a lot more specific and targeted than many of those other states, including the Virginia statute. Correct, Your Honor. It's targeted not a little bit, but much more. None of those have any purposes whatsoever or a heightened intent, as the De Jesus Ventura Court said, that either one of those would be okay. And if you look at the Garcia-Gonzalez case— Many of these—what I'm saying is many of these statutes that have failed not to be a crime of violence are— I think they're very different from this North Carolina statute. Yes, Your Honor, I agree with that. And one point of discussion that I'd like to bring forward is that while the North Carolina statute doesn't say substantial interference per se and none of the state's laws or cases say substantial interference that particular term, if you have someone taking someone unlawfully to hold them as a hostage or a human shield or in furtherance of a felony or to cause serious bodily harm or to terrorize or put them into involuntary servitude, I argue that those are substantially interfering with someone's liberty. They're all bad things, which is what the term kidnapping— is about and what the model penal code and what the Fifth Circuit has been said. There has to be certain purposes. And I argue that those all interfere with a person's liberty substantially. Those are not trivial restraints. Those are serious restraints. And the North Carolina statute is trying to— kidnapping statute is trying to pull in— You don't get convicted of this crime unless you kidnap someone for some very, very bad reasons. Correct. It's not just taking someone against their will out, you know, to a restaurant or what have you. These—I mean, these purposes are the worst of the worst. And it may be harder, and I realize it's harder, to find anything a crime of violence, but I wonder how long we're going to go down this road and take a statute like this and say it's not a crime of violence when you show this to any person on the street or whatever in terms of fair notice, they would say, of course it is. Yes, Your Honor, and North Carolina has a felonious restraint statute under 14-43.3, and that actually provides an offense. It's felonious restraint if he unlawfully restrains a person without person's consent and moves them, but with no purposes listed. So there is a lesser included offense here that if we were talking about that, I do not believe would be in the generic definition of kidnapping, but we're in a whole different ballpark with the specificity that North Carolina legislature decided to do. And in terms of the case law in North Carolina talking about that no substantial movement or no substantial period of time is required, the examples they gave are if someone's hands and feet were bound, or if you're being threatened with a weapon. And to me, those both interfere with a person's liberty. You're not able to do what you want, and there's a very bad thing happening to you right now. And so all of these, whether or not it has this specific wording that the defendant would like. You don't have to have the specific wording. There's no, you know, all of these state statutes, they're passed by different legislatures. They say slightly different things. And what you want to be on the lookout for is something that just sweeps in too broadly, far afield of the generic definition, and takes in too much innocuous, innocent, or relatively less serious behavior. But this statute confines itself to the most serious forms of behavior. The problem with this crime of violence definition is it's just been sprawling out all over the place, and it's gotten out of hand, and the courts have rightly reined it in. But here you have something that's not just sprawling all over the place. You have specific purposes, all of which are horrible. I agree, Your Honor. The D.C. Circuit in Dehesus-Ventura, again, and I asked this question, says that it has reviewed the kidnapping statutes of all 50 states in the District of Columbia, and that the most common approach defines kidnapping to include a particularly nefarious purpose. And it describes that approach as requiring some kind of heightened intent, or some additional element of intent or severity. Correct. Are you comfortable with that definition? And is it your view? And if so, please explain why the Carolina statute falls within that description as culled by the D.C. Circuit? Your Honor, I am very comfortable with that. I believe, you know, as— Is that the one you prefer? Yes, Your Honor. The D.C. Circuit. Yes, Your Honor. And even in the Tennessee, the Gonzales-Ramirez, even the Fifth Circuit said that the Tennessee statute at issue was more, probably more restrictive than the majority of states in the country. You'd have us bypass the model penal code and kind of follow the D.C. Circuit? Not necessarily, Your Honor. I think you can combine them both. I'm just trying to get you to help us out a little bit here. I apologize. You'd modify that approach? No, well, there's the modified approach. Or the model— Right, there's all kinds of these things, there are differences here. But we've got to figure out the generic definition. Correct, Your Honor. I believe the model penal code is correct. And I also believe that, which is included in the D.C. Circuit. And I believe they actually put a little bit more and make it a little more broad by saying there's a heightened intent addition to that. So it would be the model penal code as the example. And again, it doesn't have to be every specific purpose on that, along with the heightened intent. And the reason I believe that the North Carolina statute is because not only that it follows the model penal code very closely, it doesn't say substantial distance or substantial time. But again, as I've argued, we believe that substantial interference is inherent in the listed nefarious purposes that the model penal code has on that. It seems to me what you're trying to avoid here are these diluted forms of kidnapping such as forcible restraint and false imprisonment. And there are a lot of those statutes out there that are forcible restraint statutes and false imprisonment statutes. And they look nothing like this. They don't have the specificity. They're not focused. And they're capable of abuse. And if I were confronted with one of those, I would be the first to say, look, that's not a crime of violence. It's too loose. This is not loose. I agree, Your Honor. I think it's very specific. It's not too vague as to what it's it's outlawing here. It's outlawing very violent things, things that that curtail a person's liberty. And putting them in a very dangerous or bad situation. And the other thing about it is, I keep coming back to the point that this particular enhancement is broader. I mean, this particular enhancement defines crime of violence more broadly than the Armed Career Criminal Act or the career offender statute. There's a different approach here. And you want some degree, it sought, this enhancement sought some degree of uniformity through a scheme of listed crime. One of which is kidnapping. And whether you say that the label the North Carolina statute applies doesn't govern the analysis. And I agree with that. It is plain that the statute is describing and setting forth what the label describes. It is the statute is describing, even without the label, the statute is describing kidnapping. Which is in the list. Because it's a different, this enhancement is different from the career offender statute. And it's different from the ACCA. That's absolutely right, Your Honor. It enumerates specific crimes that the commission wanted the courts to find that someone illegally reentering that has been convicted of should get this enhancement. Because of those, the nefarious purposes of those crimes. Are there no further questions? Thank you, Your Honor. We have no further questions. Thank you. I have a couple of points in response to my colleague's argument. I disagree that the substantiality requirement is inherent in the specified purposes. If that were true, the model penal code would not list substantial interference and substantiality in its definition. That would be redundant. I would urge the court to look at the North Carolina Supreme Court case of Boyce, which did not involve violence and did not involve anything substantial. As I've said, the citation is 651 Southeast 879 North Carolina 2007. I think this comes down, Your Honor. And I'd also like to add, Judge Wilkinson, the MPC definition of false imprisonment itself includes a substantial interference element, even though it's not kidnapping. But there are a lot of, I think, as a category, false imprisonment statutes generally tend to be a lot looser and broader than kidnapping statutes. Certainly. That's that is the point I'm making. I don't want you to think that I did, you know, just anything is a crime of violence because I don't. And that decision that you referred to, you know, I try to draw it back in. And but I just get to the point where we have these listed crimes. You have as a we can't take leave of common sense and practicality. And the Supreme Court and I forget what the name of the case is, but there are two of them. One was written by Justice Alito, which said not not every crime committed under this North Carolina statute may fall under the model penal code definition. But the great majority of them would. And that's what we look at. Your Honor, it's not whether the outlier and the Supreme Court said that twice. It's not whether the outlier matches up with the with the model penal code. You've shaken your head. Well, Your Honor, I'm not sure which opinion you're referring to, but that might be a modified categorical approach. But under the pure categorical approach at issue here, every violation of the statute has to fall within the generic definition in order for it to be a crime of violence. I don't know that these were categorical cases. If I could address Your Honor's opinion in Rangel Castaneda, it is it seems to me that this defining these generic crimes always comes down to a problem of levels of generality. And in Rangel Castaneda, the more general rule would have been that statutory rape, which was an enumerated crime. So the same type of case as this one is sex with anyone under the age of consent, whatever that may be in the case where you are. That is not the rule that this court adopted in your decision in Rangel Castaneda. The categorical approach isn't the broadest definition. It's the generic definition. But what I'm concerned about is that any state statute that doesn't match up with any conceivable generic, that we're going to establish some per se rule that it's not a crime of violence. And I think the Supreme Court has made the point that within a federal system, you just, you know, a long time ago, these states followed the model penal code. But more and more, as time has gone on, they've sought to refine statutes. And if we are in a situation where everything that is worded slightly differently or somewhat differently is ruled not to be a crime of violence, I think there are going to be very few statutes that match up. I agree, Your Honor, that minor wording shouldn't matter. But this isn't an issue of minor wording. This is a lack of an entire element under North Carolina law, under the cases that I've mentioned. And so I would argue that this isn't a minor wording difference. It's, which again, the different purposes or the different substantialities, those are the types of things that are minor wording that don't matter. This is a lacking element. And I would like to point out, Judge Duncan, you were inquiring about De Jesus Ventura. The outcome of De Jesus Ventura, which is that Virginia's statute is not a crime of violence, is consistent with the Fifth Circuit's test as well. And so the language in De Jesus Ventura about the MPC purposes is dicta because there were no MPC purposes in the Virginia statute. If this court adopts the Fifth Circuit test, all of the circuits will be in alignment. If this court rules that the MPC purposes are sufficient without substantiality, there will be a circuit split that doesn't exist today. You are the first court of appeals to address a statute that has the purposes that doesn't have substantiality. So I would ask you to consider the Fifth Circuit test. I think we may disagree on that because I think that the, when you read the North Carolina statute as a whole, it seems to me, if it says anything, that there is substantiality in the vast number of cases. I realize you've got your little case, but they were, you know, if these purposes could be effectuated without substantial interference, it's hard for me to imagine. I would just refer you to the North Carolina Supreme Court, Your Honor, as I've previously done. So in sum, I'd ask you to please reverse the district court. Thank you. Thank you.
judges: J. Harvie Wilkinson III, Robert B. King, Allyson K. Duncan